NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Joyce WALLIS,<br><br>           Plaintiff,<br>    v.<br><br>Seoyeon STOYER and<br>Harold STOYER,<br><br>           Defendants. | Civil No. 16-1547 (RBK/KMW)<br><br>**OPINION** |

**KUGLER**, United States District Judge:

This matter comes before the Court on Plaintiff Joyce Wallis's Motion for Summary Judgment. (Doc. No. 28.) Wallis lent Defendant Harold Stoyer $150,000 in return for a promise to pay it back. Stoyer has not done so, although Wallis has demanded payment. Because Wallis's motion is unopposed and there are no genuine disputes of material fact that indicate this contract was anything other than one payable on demand, Wallis's motion is **GRANTED**.

**I.  BACKGROUND**

**A. Factual Background**

The Court resolves any disputed facts or inferences in favor of Defendant Stoyer, the nonmoving party. *Trinity Indus., Inc. v. Chi. Bridge & Iron Co.*, 735 F.3d 131, 134-35 (3d Cir. 2013). We note that Stoyer has not filed an opposition brief and that "any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion." L. Civ. R. 56.1(a).

This case arises out of a dispute between former business associates, Wallis and Stoyer. Although there is more to the story, the facts pertinent to Wallis's claims are fairly straightforward.

1

Wallis verbally agreed to lend and did lend Stoyer $150,000 in return for his promise that he would pay her back. (Def. SUMF at ¶ 3.) Neither party disputes that they entered into an agreement for a loan. Stoyer admits that he received the loan. (*See, e.g.*, Stoyer Dep. 18:8-20.) But the parties dispute the precise terms of that loan—Wallis alleges that this loan is payable on demand, while Stoyer denies this and instead offers an interpretation that it is "payable from the profits" of stock he holds in Wallis's company, ETI, Inc.

The facts of record contradict Stoyer's interpretation. Stoyer, in his response to Plaintiff's interrogatories, stated that repayment was not contingent upon anything at the time the parties made the agreement.[1] Stoyer also later testified that the stock was only relevant to show that Wallis also owed him money, thereby "offset[ting]" the money that he owed to her.[2] The record shows that Wallis and Stoyer did not actually agree to any repayment terms.[3] The only other record evidence about the terms of the loan are that Wallis did not want the loan in writing,[4] and did not ask for collateral.[5] Wallis later brought suit against Stoyer for failing to repay the loan.

### B. Procedural Background

Wallis filed a complaint against Seoyeon Stoyer and Harold Stoyer for breach of contract (Count I), unjust enrichment (Count II), and breach of guaranty (Count III), under New Jersey law.

---

[1] "[Q:] If you contend that repayment of the loan was contingent upon any occurrence, set forth in detail the basis for your contention. [A:] None – but is now – stock holding." (Ex. D, Interrogs. ¶ 17.)

[2] "Q. how do you feel stock ownership in ETI is relevant to the case? A. Because I'm owed over $100,000 in stock, and you know, I owe her money, so one offsets the other." (Ex. E, Stoyer Dep. at 10:8-9.)

[3] "I mean, like I said, I asked her for money…then she said, I can give you the money…we talked about it a little more and you know, we shook hands and…that was the end of it. That's the way the whole thing went down. So it was no promises, nothing on anything." (*Id.* 28:9-20.)

[4] "So she just agreed to give me the loan and it was just that simple. She wanted to do no paperwork or anything else. We shook hands and that was the end of it." (*Id.* 21:18-21.)

[5] "Q. You never gave [Wallis] any collateral for this loan? A. Not a thing. Q. And I assume she never asked you for collateral? A. Not a thing. (*Id.* 28:4-9.)

(Doc. No. 1.) Seoyeon Stoyer was never served with the complaint, and she was dismissed from the action without prejudice on October 27, 2017. (Doc. No. 32.) Stoyer answered that he was owed profits from stock he owned in Wallis's company, ETI, Inc., but he did not join ETI, Inc. in this action, nor did he file a counterclaim against Wallis. On August 31, 2017, Wallis moved for summary judgment against Stoyer, seeking a judgment in her favor for breach of contract (Count I) and unjust enrichment (Count II). (Doc. No. 28.) Stoyer did not respond.

## II.    JURISDICTION

Wallis is a citizen of New Jersey while Stoyer is a citizen of Pennsylvania, and the amount in controversy is $150,000. Accordingly, this Court exercises diversity jurisdiction over Wallis's state-law claims pursuant to 28 U.S.C. § 1332.

## III.    THE SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). A genuine dispute of material fact exists if the evidence is such that a reasonable jury could find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When a court weighs the evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1080 (3d Cir. 1996). The moving party may satisfy its burden either by "produc[ing] evidence showing the absence of a genuine issue of material fact" or by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

3

If the party seeking summary judgment makes this showing, it is left to the nonmoving party to "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Furthermore, "[w]hen opposing summary judgment, the nonmovant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant.'" *Corliss v. Varner*, 247 F. App'x 353, 354 (3d Cir. 2002)).

In deciding the merits of a party's motion for summary judgment, the Court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the fact finder. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

## IV. DISCUSSION

Wallis moves for summary judgment on the grounds that she has established an undisputed prima facie case for breach of contract, and is thus entitled to judgment as a matter of law. We agree, and need not reach any claim other than breach of contract.

Under New Jersey law, Wallis bears the burden of showing (1) the parties entered into a valid contract; (2) Stoyer failed to perform his obligations under the contract; and (3) Wallis sustained damages as a result. *See Murphy v. Implicito*, 392 N.J. Super. 245, 265 (App. Div. 2007). Neither party denies the validity of the contract; they only dispute its terms. A contract "must be sufficiently definite 'that the performance to be rendered by each party can be ascertained with reasonable certainty.'" *Weichert Co. Realtors v. Ryan*, 608 A.2d 280, 284 (N.J. 1992) (quoting

4

*West Caldwell v. Caldwell*, 138 A.2d 402 (1958)). To be enforceable, the parties must "agree on essential terms and manifest an intention to be bound by those terms." *Id.* If they do not agree to an essential term, the agreement is unenforceable. *See, e.g.*, *Heim v. Shore*, 56 N.J. Super. 62, 72-73, 151 A.2d 556 (App. Div. 1959) (holding agreement unenforceable because parties did not agree on terms of payment, principal amount of mortgage, *due date*, and interest rate) (emphasis added).

The unopposed record shows that the parties did not agree to any terms other than the loan amount and a promise to repay. But the parties' pleadings show that they did not agree to an essential term of the contract: whether payment was due on demand, or from the profits of Stoyer's stock ownership. The parties never actually stated when the loan would be due, or how the loan would be paid when they made the agreement. But this does not render the contract unenforceable. Under New Jersey law, "[w]here there is no time stated between debtor and creditor as to when the payment of a money obligation shall be due, it is deemed payable on demand" as a matter of law. *Denville Amusement Co. v. Fogelson*, 201 A.2d 380, 382 (N.J. Super. 1964) (citing *Green v. Richards*, 23 N.J. Eq. 32, 34-35 (Ch. 1872), *aff'd Richards v. Green*, 23 N.J. Eq. 536, 540 (E. & A. 1872)). The parties never agreed to a due date, and thus the implied terms fill the gap and the loan was payable on demand. As Wallis has plainly demanded payment, Stoyer has failed to perform his obligation under the contract. Wallis has suffered $150,000 in damages as a result. Summary judgment is therefore granted to Wallis as to her claim for breach of contract (Count I).

## V. CONCLUSION

For the foregoing reasons, Wallis's motion for summary judgment will be **GRANTED** as to her claim for breach of contract (Count I), and judgment will be entered in favor of Wallis and against Harold Stoyer in the amount of $150,000. An order follows.


Dated: April 30, 2018	/s Robert B. Kugler
	ROBERT B. KUGLER
	United States District Judge